**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RANDY J.J. KAIZER, | § | |
| (TDCJ-CID #1730604) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-17-2358 |
| | § | |
| SERGEANT SPIVEY, *et al.,* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ON DISMISSAL

Randy J.J. Kaizer, an inmate of the Texas Department of Criminal Justice - Correctional

Institutions Division, sued in August 2017, alleging civil rights violations resulting from a denial of

access to the courts and a denial of due process. Kaizer, proceeding pro se and in forma pauperis,

sues Sergeant Spivey; Lieutenant Scott; John Doe, Unit Major; and Warden Jones.

The threshold issue is whether Kaizer's claims should be dismissed as frivolous.

## I. Plaintiff's Allegations

Kaizer alleges that on March 10, 2017, Officer Falsey charged Kaizer with possessing a

weapon, a saw-like blade, in disciplinary case number 20170204425. On March 24, 2017, Captain

Watkins presided at Kaizer's disciplinary hearing. Captain Watkins found Kaizer guilty and

punished him with a loss of recreation privileges for forty-five days; a loss of commissary privileges

for forty-five days; suspension of contact visits through June 1, 2017; placement in solitary

confinement for 15 days; and a reduction in good-time earning class status from State Approved

Trusty 3 to Line 1.

Sergeant Spivey allegedly withheld evidence and falsified government documents. Kaizer claims that Sergeant Spivey had told Kaizer exactly who planted the weapon and why, but he refused to present this evidence at the disciplinary hearing. Lieutenant Scott did not present evidence to the court and falsified government documents by not including Spivey's testimony on the report. Kaizer complains that the Unit Major withheld evidence, destroyed evidence, and did not allow Kaizer to defend himself in court. Warden Jones, who is ultimately responsible for her staff, did not allow Kaizer to defend himself at the Unit Classification Committee hearing. On March 10, 2017 all of his legal work was confiscated and was not returned to him until May 3, 2017. Kaizer did not have access to any of his legal work for a total of 55 days.

Kaizer asks that Civil Action Number 2:15-0396 be dismissed until he has access to the prison law library. He also requests placement in protective custody and access to 24-hour medical care.

## II.    Discussion

A federal court has the authority to dismiss an action in which the plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Procedural protections in the context of prison discipline is not the same as due process in the criminal law context because "[p]rison discipline proceedings are not a part of a criminal prosecution, and the full panoply of rights due a criminal defendant does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Supreme Court has historically held that the Due Process Clause is applicable to disciplinary proceedings where a prisoner is threatened with a loss of good-time or the imposition of solitary confinement. *Id.* The Court held that inmates must be afforded written notice of the claimed violation at least twenty-four hours before a disciplinary hearing, a written statement of the fact finders as to the evidence relied on and reasons, and the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals.

The Supreme Court subsequently limited challenges to disciplinary cases in *Sandin v. Conner,* 515 U.S. 472 (1995). The Court referred to its discussion in *Wolff v. McDonnell,* regarding solitary confinement as "dicta." *Id.* The Supreme Court went on to hold that when discipline, even segregated confinement, did not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," there was no "protected liberty interest" that would entitle the inmate to the procedural protections set forth in *Wolff. Id.* at 486.

The Fifth Circuit has applied *Sandin* to a number of situations. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good-time is not enough to trigger the protection of the Constitution. *Luken v. Scott,* 71 F.3d 192 (5th Cir. 1995). The loss of the opportunity to earn good-time will not trigger the protection of the Constitution even when an inmate is eligible for mandatory supervision. *Malchi v. Thaler,* 211 F.3d 953 (5th Cir. 2000). The imposition of commissary and cell restrictions likewise will not trigger the protection

of the Constitution. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997). The loss of good-time will not support relief to the extent that it adversely affects parole eligibility. *Sandin,* 515 U.S. at 487. However, the loss of good-time will trigger the protection of the Constitution if, and only if, a prisoner is eligible for release on mandatory supervision. *Madison v. Parker,* 104 F.3d at 769.

Kaizer's punishment consisted of a loss of recreation privileges for forty-five days; a loss of commissary privileges for forty-five days; suspension of contact visits through June 1, 2017; placement in solitary confinement for 15 days; and a reduction in good-time earning class status from State Approved Trusty 3 to Line 1. Kaizer states that he is ineligible for release on mandatory supervision. (Docket Entry No. 13, p. 4). The restrictions on Kaizer's privileges are merely changes in the conditions of his confinement, which do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). They are not penalties that would be considered "the type of atypical, significant deprivation" that would be actionable. *Id. See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir. 1996). The Fifth Circuit has specifically held commissary and telephone restrictions do not implicate protected liberty interests. *Lewis v. Dretke,* No. 02–40956, 54 F. App'x 795, 2002 WL 31845293 (5th Cir., December 11, 2002), *citing Malchi v. Thaler,* 211 F.3d 953, 958 (5th Cir. 2000); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (stating reductions in line-class status do not implicate due process concerns); *Neals v. Norwood,* 59 F.3d 530, 533 (5th Cir. 1995).

Kaizer's due process claim is dismissed as frivolous. 28 U.S.C. § 1915A(b)(1).

## III.   The Claim Based on Denial of Access to the Courts

The right of access to the courts is a fundamental constitutional right grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses. *See*

*Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir. 1993). "Any deliberate impediment to access, even delay of access, may constitute a constitutional deprivation." *Jackson v. Procunier,* 789 F.2d 307, 311 (5th Cir. 1986). To prevail on a denial of access to the courts claim, a plaintiff suing under Section 1983 must establish that he has been prejudiced in connection with some identifiable past, pending, or proposed legal proceeding. *See Lewis v. Casey,* 518 U.S. 343, 349-53 (1996).

In the case at bar, Kaizer states that he was denied access to the courts because prison officials confiscated his legal work for 55 days. (Docket Entry No. 5, Plaintiff's Supplement, p. 5). Kaizer states that he was working on a federal petition for a writ of habeas corpus in Civil Action Number 2:15-0396. Kaizer states that he does not know the status of that case. (Docket Entry No. 13, p. 6). Online research reveals that Kaizer filed a petition for a writ of habeas corpus on September 14, 2015 in the Corpus Christi Division, and United States Magistrate Judge Ellington entered a Memorandum and Recommendation on May 12, 2017. Kaizer filed a motion for extension of time to file objections to the Memorandum and Recommendation on June 2, 2017, which was granted. Civil Action Number 2:15-0396 remains pending on the court's docket. When asked how he was prevented from commencing, prosecuting, or appealing, Kaizer states that he was "locked up unlawfully, taken out of the Law Library, taken away from all my legal help and confiscated all my legal work."

Kaizer has failed to demonstrate prejudice as a result of the defendants' conduct. Kaizer's access to the courts claim is therefore DISMISSED as frivolous.

## IV.    Conclusion

The action filed by Randy J.J. Kaizer (TDCJ-CID Inmate #1730604) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1). Any remaining pending motions are DENIED as moot.

The TDCJ-CID shall deduct twenty percent of each deposit made to Kaizer's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)     the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2)     the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3)     the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on _Nov. 28_, 2017.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE